UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID GRAY, JR.,

      Petitioner,

v.                                                                                                    20-CV-1009 (JLS)

TIMOTHY B. HOWARD, County of
Erie Sheriff, ALLEN RILEY, Chairman
of NYSOC,

      Respondents.
_____

## DECISION AND ORDER

*Pro se* petitioner David Gray, Jr. is in custody at the Erie County Correctional Facility in Alden, New York. *See* Dkt. 1, at 5 ¶ 5; Dkt. 9, at 2 ¶ 3.[1] He initially filed a complaint pursuant to 42 U.S.C. § 1983, alleging various things related to his confinement. *See* Dkt. 1. On September 16, 2020, the Court issued a decision and order, dismissing the portion of Gray's complaint that alleged sovereign citizen claims and notifying Gray that it intended to construe his COVID-19 claim as if it were raised in a petition for a writ of habeas corpus under 28 U.S.C. § 2241, unless Gray wished to withdraw that claim. *See* Dkt. 8, at 8-9.

_____

[1] Page references are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

Gray did not withdraw his COVID-19 claim, and the Court now converts his claim to a request for relief under Section 2241. So construed, the Court dismisses Gray's habeas claim for the reasons that follow.

## BACKGROUND

Respondents moved to dismiss Gray's COVID-19 claim on September 25, 2020, arguing that Gray's claim fails on the merits and that he failed to exhaust state remedies. *See* Dkt. 9, at 3 ¶¶ 6-8. They attached a September 17, 2020 letter to Erie County District Attorney John J. Flynn, which summarized the COVID-19 preventative measures currently in place at the Erie County Correctional Facility and the Erie County Holding Center. *See id.* at 5-6.

Gray filed a memorandum, dated September 22, 2020, recasting his claim as one for habeas relief,[2] arguing that he exhausted administrative remedies, and arguing that the Court should grant his request for interim injunctive relief. *See* Dkt. 10, at 1-3. He attached numerous documents, including documents related to a grievance and Judicial Notice of Petition and Petition for a Writ of Habeas Corpus purportedly filed in New York State Supreme Court, Erie County, in August 2020.[3] *See id.* at 15-30. These documents contain a single reference to "negligence . . . in restraint and imprisonment of [Gray] . . . during a public health crisis pandemic,"

---

[2] This recasting indicates Gray's intent to proceed with his COVID-19 claim under Section 2241. *See also* Dkt. 11, at 2-3.

[3] Gray also attaches multiple documents related to his sovereign citizen claims. *See id.* at 4-14. The Court already dismissed Gray's sovereign citizen claims, and these documents are not relevant to Gray's remaining claim.

and otherwise relate entirely to Gray's sovereign citizen claims. *See id.* at 16; *see also id.* at 15-30. The state habeas petition does not mention COVID-19 as a basis for relief. *See id.* at 24-30

Gray also filed what he titled a Judicial Notice of Affidavit Rebuttal in Truth, dated September 29 and 30, 2020, which responds to Respondents' motion to dismiss. *See* Dkt. 11. He disputes Respondents' suggestion that the COVID-19 protective measures at the Erie County Correctional Facility are adequate and argues that he exhausted state remedies. *See id.* at 2-3. Gray again attached numerous documents, only one of which—a May 13, 2020 memorandum from the Erie County Sheriff's Office regarding grievance 20G-088—references COVID-19. *See id.* at 10-11; *see also id.* at 5-9 (regarding sovereign citizen claims), 12-19 (regarding separate, non-COVID-19 grievance 20G-093), 20-23 (regarding application for bail review, arguing excessive bail but not mentioning COVID-19).

On October 2, 2020, Gray submitted what he titled a Judicial Notice of Truth for Remedy, arguing that the state court did not rule on his sovereign citizen- and excessive bail-based habeas petition. *See* Dkt. 12, at 1-3. He attached another copy of the notice and petition that he submitted in Dkt. 10. *See id.* at 4-10.

Gray submitted a letter, dated December 13, 2020, which again confirms his desire to proceed with his COVID-19 habeas claim. *See* Dkt. 13, at 1-2. He notes that there is "now [an] actual threat of COVID-19 outbreak at the Erie County Correctional Facility," states that the facility's COVID-19 protective measures are inadequate, and argues that "release from physical confinement" is "the only

adequate relief." *See id.* at 1. He attached an Informal Grievance Form, dated November 20, 2020, which references COVID-19 conditions/exposure concerns and requests a formal grievance form. *See id.* at 3.

## DISCUSSION

Because Gray is a *pro se* petitioner, the Court will "construe [his] pleadings liberally and interpret them 'to raise the strongest arguments they suggest.'" *See Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Gray is entitled to liberal construction of his submissions, but his *pro se* status "does not exempt [him] from compliance with the relevant rules of procedural and substantive law." *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotations and citations omitted).

Gray alleges that his confinement at the Erie County Correctional Facility during the COVID-19 pandemic violates his constitutional rights. *See* Dkt. 1, at 5 ¶ 5; *id.* at 7 ¶ 7; *see also id.* at 21-35 (documents related to grievance Gray filed based on his confinement during the COVID-19 pandemic). He seeks "injunctive, declaratory and equitable relief"—specifically, an "order[] [that] Respondent-officials . . . immediately release [him]." *Id.* at 7.

Gray is in pre-trial detention. *See* Dkt. 1, at 7 ¶ 7; Dkt. 9, at 2 ¶ 3. The Court therefore analyzes his claim for release from custody under 28 U.S.C. § 2241. *See Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 20 Civ. 1707 (AJN) (SLC), 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020) ("A petition for a writ of habeas corpus

under § 2241 is generally considered the proper vehicle for a state pretrial detainee who argues that he is in custody in violation of the Constitution or federal law.") (citing *McDonough v. Smith*, 139 S. Ct. 2149, 2157 n.6 (2019)).

Section 2241 does not include an explicit exhaustion requirement, but a person seeking relief under Section 2241 nevertheless must exhaust state remedies before seeking relief in federal court. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. § 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (holding that, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court," and noting that exhaustion doctrine pre-dated any statutory requirement).

A petitioner exhausts state remedies when he "'present[s] the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts)' and 'inform[s] that court (and lower courts) about both the factual and legal bases for the federal claim.'" *Nelson v. Hynes*, No. 12-CV-4913 (KAM) (LB), 2013 WL 182793, at *4 (E.D.N.Y. Jan. 17, 2013) (quoting *Ramirez v. Attorney Gen. of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001)); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *2 (E.D.N.Y. July 25, 2011) ("Because the state proceedings are pending before the trial court, petitioner's claims have yet to be presented to the highest state court,

and petitioner therefore has not exhausted his available state remedies."). Federal courts hear unexhausted Section 2241 claims only if the petitioner either "establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, or demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." *Adams v. Canty*, No. 14-CV-2611 (ENV) (LB), 2014 WL 2566913, at *1 (E.D.N.Y. June 6, 2014).

Here, Gray did not exhaust his COVID-19 claim in the state courts. The numerous documents Gray submitted in this case suggest that he might have presented—in some fashion—his COVID-19 claim to a state trial court. *See* Dkt. 1, at 41-43; Dkt. 10, at 16; Dkt. 11, at 10-11. It is not clear if Gray submitted any of these documents to a state court in connection with a COVID-19-related habeas petition or other request for relief, or if he submitted them with the seemingly unrelated habeas petition he filed in August 2020.[4] *See* Dkt. 10, at 24-30; Dkt. 12, at 4-10.

Regardless, Gray did not exhaust his COVID-19 claim because he did not present it to New York's highest court. *See White v. Ewald*, No. 14-CV-4915 (JS), 2014 WL 5091760, at *2 (E.D.N.Y. Oct. 9, 2014) (holding that petitioner did not exhaust by filing "'grievances' with the Suffolk County Correctional Facility, the Commission of Corrections, and the Supreme Court, Suffolk County," which were

---

[4] To the extent that Gray raises the excessive-bail argument that appears in this state habeas petition (Dkt. 10, at 24-30; Dkt. 12, at 4-10) here, that claim, too, is unexhausted and must be dismissed for the same reasons as his COVID-19 claim.

denied, because he "[did] not assert that he . . . presented any of the claims raised in the [p]etition to the highest state court").

Because he did not exhaust state remedies, Gray may proceed in this Court only if he demonstrate either (1) a reason for his failure to exhaust, plus prejudice, or (2) that this Court's failure to consider his claim would be fundamentally unjust. He demonstrated neither here. For example, Gray does not allege that state courts are unavailable to him—nor could he, in light of the separate petition he filed in state court. *See* Dkt. 10, at 24-30; Dkt. 12, at 4-10. Gray's allegation that the state court did not rule on his seemingly unrelated petition is not relevant to his COVID-19 claim. *See* Dkt. 12, at 1-3; *see also* Dkt. 10, at 24-30; Dkt. 12, at 4-10.

The Court recognizes the risks of COVID-19 spread in institutional settings like the Erie County Correctional Facility. But any such risk to Gray here—absent an inability of the state courts to hear Gray's claim without prejudicial delay—does not establish cause or prejudice sufficient to excuse his failure to exhaust. *See White*, 2014 WL 5091760, at *2 (dismissing petition for failure to exhaust where petitioner had not "asserted any cause for his failure to exhaust his state court remedies, any prejudice resulting to him from the alleged violation of his [c]onstitutional rights, or that the failure of this Court to consider his claims will result in a fundamental miscarriage of justice").

The exhaustion requirement "reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement." *Allen*, 2011

WL 3162675, at *1 (quoting *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490 (1973)) (internal quotations omitted ). Requiring exhaustion of Gray's claim in state court affords "the state court[] . . . the first opportunity to review [his] claim[s] and provide any necessary relief." *See O'Sullivan*, 526 U.S. at 844; *see also Rose v. Lundy*, 455 U.S. 509, 515 (1982) ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."). Exhaustion also ensures that, if Gray's petition ends up back in federal court, it will "be accompanied by a complete factual record to aid [the Court] in [its] review." *See Rose*, 455 U.S. at 519.

Under these circumstances, Gray must present his claim seeking release from state custody in connection with the COVID-19 pandemic to state courts to consider—as have other petitioners in similar circumstances. *See, e.g.*, *People ex rel. Squirrell v. Langley*, 124 N.Y.S.3d 901 (Sup. Ct. Putnam Cty. 2020) (dismissing habeas corpus petitions by inmates seeking release during the COVID-19 pandemic where the court, after thoroughly examining the measures taken by the sheriff and other officials, concluded there was no violation of petitioners' due process or Eighth Amendment rights); *People ex rel. Gregor v. Reynolds*, 124 N.Y.S.3d 118 (Sup. Ct. Essex Cty. 2020) (concluding, where several inmates detained pending parole violation proceedings filed Article 70 petitions for release, that sheriff's failure to take adequate protective measures violated the due process rights of an inmate who was vulnerable to COVID-19); *People ex rel. Stoughton v. Brann*, 122 N.Y.S.3d 866

(Sup. Ct. N.Y. Cty. 2020) (ordering release of 18 "at-risk" prisoners in a due process challenge by 32 petitioners detained at Rikers Island).

Because Gray did not exhaust his claim in the state courts and did not demonstrate that the Court should excuse his failure to exhaust, the Court dismisses his petition without prejudice. Gray may pursue his claim and request for release in state court.

## CONCLUSION

For the reasons stated above, the Court:

- GRANTS Respondents' motion to dismiss (Dkt. 9);
- DENIES Gray's motion for a temporary restraining order (Dkt. 3); and
- DISMISSES the complaint (Dkt. 1), without prejudice, after converting it to a petition pursuant to 28 U.S.C. § 2241.

The Clerk of Court shall update the docket to reflect that this action was converted to a proceeding pursuant to 28 U.S.C. § 2241 and shall close this case.

In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that Gray did not make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), and, accordingly, DENIES a certificate of appealability.

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, DENIES leave

to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Gray must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure

SO ORDERED.

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

DATED: December 21, 2020
       Buffalo, New York